WALKER, Chief Justice,
for the Court:
In the Circuit Court of Lowndes County, Billy Lee Brown was convicted of rape and sentenced to life imprisonment. He has appealed to this Court, raising a single assignment of error.
The sole issue presented on appeal is whether the trial court erred in denying Brown’s motion for a directed verdict on the issue of sanity. Brown argues on appeal that Officer Freshour’s testimony during the State’s case in chief was sufficient to overcome the presumption of sanity and shift the burden of proving sanity to the State, and that because the State failed to meet this burden, a directed verdict should have been granted to the defendant on the issue of sanity. Officer Freshour first observed Brown shortly after the rape. Although he could not remember whether the weather was hot or cold, Freshour recalled that Brown had on three (3) shirts and two (2) pair of trousers. Brown appeared very nervous, and his speech rambled. On the following day, Officer Freshour attempted to explain Brown’s constitutional rights to him, but Brown did not seem to comprehend what Freshour was telling him. Although Officer Freshour believed that Brown knew he was under arrest, Brown laughed at inappropriate times, and his conversation rambled. When told the crime with which he was charged, Brown “mumbled something about he didn’t hurt the lady.” Officer Freshour then executed an affidavit stating that Brown was not of sound mind and memory and was thus unable to execute an indigency affidavit, and requested that counsel be appointed to represent Brown.
At the close of the State’s case in chief, defense counsel moved for a directed verdict on the issue of sanity. He contended, and now argues on appeal, that the evidence above summarized was sufficient to shift to the State the burden of proving that Brown was sane. We hold that Officer Freshour’s testimony was insufficient as a matter of law to rebut the presumption of sanity. Johnson v. State, 475 So.2d 1136 (Miss.1985). There is nothing in the record to indicate that Brown, at the time of the offense, was McNaughten insane. Edwards v. State, 441 So.2d 84 (Miss.1983). Therefore, the trial court did not err in denying Brown’s motion for a directed verdict on the issue of sanity.
The conviction and sentence are affirmed.
AFFIRMED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
PRATHER, J., not participating.